IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2121-FL

| | |
|---|---|
| MR. JASON POOLE, | ) |
|        Petitioner, | ) |
| v. | )     ORDER |
| TRACY JOHNS, | ) |
|        Respondent. | ) |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE # 10) of respondent Tracy Johns ("respondent"), to which petitioner responded. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

On February 6, 1997, petitioner, in the United States District Court for the District of Maryland, was found guilty after a jury trial of possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1). United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008). Petitioner faced designation as a career offender based upon two prior Maryland State court convictions: a 1989 robbery conviction and a 1991 possession with the intent to

distribute cocaine conviction.[1]  Id.

Prior to sentencing, in an effort to avoid the career-offender enhancement, petitioner moved in the Circuit Court for Prince George's County, Maryland ("Maryland state court") to reduce his 1991 felony drug conviction for possession with the intent to distribute cocaine to the misdemeanor of simple possession. Id.  Petitioner submitted a proposed order to the Maryland State court which granted both a hearing on the matter and the requested relief.  On April 21, 1997, the Maryland State court judge signed and dated petitioner's proposed order granting the requested hearing and the underlying sentence modification. Id. at 266.  On that same date, the matter was set for a future hearing. Id.  On June 6, 1997, a Maryland State court judge held a hearing and subsequently denied petitioner's motion. Id.  The June 6, 1997, order did not reference the April 21, 1997, order. Id.

On August 19, 1997, the federal Maryland district court sentenced petitioner as a career offender based upon the two prior Maryland State court convictions. Id. at 264.  Petitioner's recommended sentencing guideline range was calculated as three hundred sixty (360) months' to life imprisonment. Id. at 264.  The Maryland district court, however, found that the sentencing guidelines overstated petitioner's criminal history, departed downward, and sentenced him to a term of two hundred and sixty-two (262) months' imprisonment. Id.  The Federal Bureau of Prisons then transported petitioner to a federal correctional institution in Kentucky to serve his sentence. Id.

On September 4, 1997, petitioner appealed his conviction to the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence. See United States v. Poole, 164 F.3d 627, 1998 WL 722436, at *1 (4th Cir. 1998) (table).  On October 15, 1999, petitioner filed a motion to

---

[1] Pursuant to U.S.S.G. § 4B1.1, a career offender is a defendant who is, (1) at least eighteen (18) years of age at the time of conviction, (2) the instant crime is a felony crime of violence or controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which petitioner later amended. See United States v. Poole, No. 8:96-CR-238-AW-1 (D. Md. Oct. 15, 1999). The Maryland district court denied petitioner's § 2255 petition. Id. (D. Md. Feb. 11, 2002).

In 2002, petitioner filed a *pro se* motion in the Maryland State court seeking reconsideration of the June 6, 1997, order denying his request to modify his 1991 drug conviction. Poole, 531 F.3d at 266. In response, a law clerk in the Maryland State court informed petitioner, "of [the Maryland state court] April 21 order that appeared to have reclassified his 1991 drug conviction from a felony to a misdemeanor." Id.

On November 5, 2002, petitioner filed a § 2255 petition in the Maryland district court. Petitioner argued that the Maryland State court's April 21, 1997, order showed that he was not a career offender and should not have been sentenced as a career offender because his 1991 felony drug conviction was reduced to a misdemeanor offense. Id. The Maryland district court denied petitioner's petition, and advised him to seek permission to file a successive § 2255 motion from the Fourth Circuit Court of Appeals. Id. Petitioner sought permission to file a successive petition from the Fourth Circuit, which was denied. Id.

Petitioner next filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United State District Court for the Eastern District of Kentucky. Id. Petitioner argued that he was unlawfully sentenced as a career offender because his 1991 drug conviction could no longer support his career-offender enhancement in light of the April 21, 1997, order which purportedly granted petitioner's request to reduce his 1991 felony drug conviction to a misdemeanor. Id. Petitioner argued that he was able to proceed pursuant to § 2241 through the savings clause of § 2255(e). Id. The Kentucky district court *sua sponte* denied petitioner's petition, finding that

3

petitioner failed to establish that a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." Id. The Kentucky district court further reasoned that the savings clause only preserved claims in which a prisoner was actually innocent of his conviction and not just a sentencing error. Id.

Concurrent with his § 2241 petition in Kentucky district court, petitioner filed a *pro se* petition for a writ of error coram nobis in the Maryland federal district court, seeking to amend his August 19, 1997 judgment. Id. The Maryland district court denied petitioner's petition. Id. Petitioner subsequently, through counsel, filed a motion for reconsideration in the Maryland district court. Id. The Maryland district court agreed to reconsider petitioner's motion and set the matter for hearing on May 1, 2006. Id.

On March 30, 2006, the Maryland district court issued a petition for a writ of habeas corpus ad testificandum, "ordering the warden of the Kentucky prison in which [petitioner] was incarcerated to deliver [petitioner] to the Maryland federal district court for the hearing, and then to return said individual at conclusion of proceedings to his original incarceration." Id. at 267-268 (quotation omitted). Petitioner then was brought from Kentucky to Maryland. See Id. at 268.

On the date of the hearing, petitioner's counsel moved to have the motion for reconsideration held in abeyance. Id. Petitioner's counsel also asked that petitioner continue to be held in Maryland indefinitely so that he could file a habeas petition pursuant to § 2241. Id. The Maryland district court subsequently allowed petitioner to remain in Maryland until his second § 2241 petition could be filed and resolved. Id. Petitioner then filed a § 2241 petition in Maryland district court, and the district court set a hearing on the petition. At the hearing, the Maryland district court referred the issue to the Maryland State court. Id.

4

After the matter was referred to the Maryland State court, Judge William D. Missouri, a Maryland State court judge, held a hearing to determine whether the Maryland State court's April 21, 1997, order reduced petitioner's 1991 felony drug conviction for possession with the intent to distribute cocaine to a misdemeanor. Id. at 268-269. Judge Missouri ultimately determined that he must uphold the April 21, 1997, order because the public trust and confidence in the courts were at stake. Id. at 269. Judge Missouri also vacated the entire 1991 drug conviction and set the matter for a new trial. Id. The State of Maryland opted to not retry the matter. Id.

At the conclusion of the Maryland State court proceedings, the matter was returned to the Maryland district court. Id. The Maryland district court determined that it had jurisdiction over the matter pursuant to § 2241, found that petitioner no longer qualified as a career offender, and granted petitioner's § 2241 petition. Id. at 269-270. The Maryland district court then re-sentenced petitioner to a term of one hundred and thirty-five (135) months' imprisonment, and ordered petitioner released over the government's objection. Id. at 270.

The government appealed the Maryland district court's decision. Id. The Fourth Circuit Court of Appeals subsequently held that the Maryland district court did not properly exercise jurisdiction over the action because petitioner's immediate custodian remained the warden of the Kentucky prison in which he was permanently confined. Id. at 275. Accordingly, the Fourth Circuit reversed the decision of the district court and remanded the action to the district court with instructions to reinstate petitioner's original sentence of two hundred and sixty two (262) months' imprisonment. Id.

On July 30, 2008, the Maryland district court vacated its amended judgment and reinstated petitioner's two hundred and sixty-two (262) month term of imprisonment. See United States v.

5

Poole, No. 8:96-CR-238-AW-1 (D. Md. July 30, 2008). The district court also reserved ruling on petitioner's motion for a reduced sentence pursuant to the Retroactive Application of Sentencing Guidelines to Crack Cocaine pursuant to 18 U.S.C. § 3582(c)(1). Id. On December 18, 2009, the Maryland district court issued a revised order reducing petitioner's term of imprisonment to two hundred and forty (240) months pursuant to § 3582(c)(1). Id. (D. Md. Dec. 18, 2009).

On June 29, 2011, petitioner, through counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that his current two hundred and forty (240) month mandatory minimum sentence pursuant to 28 U.S.C. § 841(b)(1)(A) and 28 U.S.C. § 851 is based on a vacated Maryland State court conviction, and therefore is illegal. Petitioner also seeks relief pursuant to the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 ("FSA"). On September 1, 2009, respondent filed a motion to dismiss, arguing that petitioner's petition should be denied pursuant to the doctrine of res judicata. Alternatively, respondent argues that petitioner is not entitled to relief pursuant to § 2241 because petitioner has not demonstrated that § 2255 is inadequate or ineffective in testing the legality of his conviction. Respondent also argues that petitioner is not entitled to relief pursuant to the Fair Sentencing Act of 2010 because it does not apply.

**DISCUSSION**

A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B. Analysis

1. § 2241 Petition

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

7

> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194. In this case, petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that conduct underlying his conviction-possession with intent to distribute cocaine and aiding and abetting-no longer are criminal. Accordingly, petitioner has not satisfied the Jones criteria by establishing that § 2255 is "inadequate or ineffective to test the legality of his detention.

Petitioner, however, does not rely upon the Jones test. Rather, he argues that he is actually innocent of his career offender sentencing enhancement because his 1991 Maryland State court drug conviction that was used to enhance his sentence as a career offender was vacated after his initial sentence. The Fourth Circuit, however, has not extended the reach of the savings clause to include actions of petitioners challenging only their sentence. Dards v. Stephens, 426 F. App'x 173, *1-2 (4th Cir. Apr. 29, 2011) (declining to extend § 2255's savings clause to include claim that prior conviction no longer is a crime of violence and not a proper predicate for enhancement to firearm possession sentence as a career offender) (citing United States v. Poole, 531 F.3d at 267 n.7 (quotation omitted)); Hines v. Owens, No. 4:10-CV-2843-RBH, 2011 WL 53030, *2 (D.S.C. Jan. 7, 2011), aff'd, No. 11-6123, 2011 WL 4526017 (4th Cir. Sept. 30, 2011); Hurd v. Warden FCI Estill, No. 0:11-cv-602-RMG, 2011 WL 2020881, *2 (D.S.C. May 24, 2011) ("*Begay* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of petitioner's activities, so it cannot be the basis under Fourth Circuit precedent for an argument that the § 2255 remedy is inadequate or ineffective."), aff'd, 465 F. App'x 229 (4th Cir. 2012); Riddle v. Mitchell, No. 9:10-0084-JFA-BM, 2010 WL 1727862, *2 (D.S.C. Apr. 27, 2010) (dismissing

8

§ 2241 claim asserting that the petitioner no longer was a career offender under Begay or Rivers); but see, Alford v. DeBoo, No. 5:11cv10, 2011 WL 3759128, at * 4 (N.D.W. Va. July 20, 2011) (finding the petitioner satisfied the savings clause where "[i]t would appear that the *Rivers* . . . case[] reflect[s] a substantive change of law which **may** demonstrate that the conduct involved in the petitioner's 1994 conviction for failing to stop for a blue light . . . [is] no longer criminal. . . .") (emphasis added in original). Courts additionally have not made an exception for prisoners seeking to challenge their sentencing enchantment where prior convictions used to enhance sentence were vacated. See Milton v. Wiley, 209 F. App'x 766, at *1 (10th Cir. 2006); Little v. Hamidullah, 177 F. App'x 375, at *1 (4th Cir. May 3, 2006); McCorvey v. Mitchell, No. 0:10-1585-JFA-PJG, 2010 WL 6297765, at *4 (D.S.C. Aug. 16, 2010).

In opposition, petitioner cites to United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994), to support his contention that his claim may be brought pursuant to § 2241. In Maybeck, the court held that the defendant was actually innocent of the predicate offense which was used to enhance his sentence. Id. However, the court in Maybeck, was considering the denial of a § 2255 motion, which is the appropriate method for challenging sentencing enhancements.[2] See id. at 894; Wall v. Owens, No. 2:10-3205-CMC-RSC, 2011 WL 704729, at *2-3 (D.S.C. Jan. 31, 2011), aff'd, 438 F. App'x 224 (4th Cir. July 6, 2011); United States v. Williams, 09-7617, 2010 WL 3760015, at *2 (4th Cir. 2010) (finding prisoner actually innocent of being an armed career criminal in an appeal of an order

---

[2] Petitioner also cites Custis v. United States, 511 U.S. 485 (1994), United States v. Johnson, 544 U.S. 295, 303 (2005), and Daniels v. United States, 532 U.S. 374 (2001), to support his contention that he should be able to proceed with his claim pursuant to § 2241. The court, however, finds that these cases do not direct a petitioner to proceed pursuant to § 2241. Instead, these cases suggest that he would be required to challenge his federal sentence based upon an invalidated state court conviction in pursuant to § 2255. Williams v. Pettiford, No. 4:08-641-HFF-TER, 2008 WL 4326487, at * 5 (D.S.C. Sept. 22, 2008) (citing Johnson, 544 U.S. 295 (2005)).

9

denying § 2255 relief). Thus, petitioner's action seeking a determination that he is actually innocent of a sentencing enhancement fails to state a cognizable § 2241 claim.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping provision. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241.

2. FSA Claim

Petitioner also argues that he is actually innocent of violating § 841(b)(1)(A) pursuant to the FSA. The FSA increased the amounts of crack cocaine that trigger the mandatory minimum sentences in § 841(b). However, petitioner was sentenced before the FSA went into effect in 2010, and the law does not apply retroactively. See United States v. Glanton, 415 F. App'x 492, 494 (4th Cir. 2011). Thus, petitioner is not entitled to relief pursuant to the FSA.

**CONCLUSION**

For the foregoing reasons, the court GRANTS petitioner's motion to dismiss (DE # 10), and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge